FRANKLIN COUNTY, JANUARY TERM, 1828.

*Barnet Gailer* vs. *Ralph Grinnell.*

The following dissenting opinion of HUTCHINSON, J. ought to have been inserted at the end of the case in which it was pronounced. *See* 2 *Aikens' Rep.* 349, *Barnet Gailer* vs. *Ralph Grinnell.*

After *Justice* PRENTISS had delivered the opinion of the majority of the court, HUTCHINSON, *Justice*, delivered a dissenting opinion, as follows :

I am unable to concur in the opinion now delivered. The decisions have gone quite far enough in avoiding the statute of limitations, when pleaded, and, were the question new, I think the courts at the present day, would require the action to be brought upon the new promise upon which the plaintiff would rely, stating the consideration as the facts would warrant. But the practice has been so long settled, I am not disposed to interfere in cases that fall within that practice. Nor would I withhold my assent from a decision that adopts the settled practice in a case, in a measure new, but parallel in principle, and where no law stands opposed. There is no special difficulty in the actions of assumpsit, where an issue is formed upon the accruing of the action within six years; nor when a new promise within six years is brought upon the record in the replication. In these cases, all is assumpsit—and the term of six years is, in both cases, the term necessarily named in pleading the statute, and the term which must be kept in view in determining the rights that remain notwithstanding the statute. But, when the statute is pleaded in any case other than assumpsit, the replying a new promise, is a total departure in pleading ; no promise having been before alleged. The only way to support such a replication, is on the ground of estoppel. And on this ground, I could support it, if pleaded according to the operation of law. But when the replication is intended to operate by way of estoppel, it must contain such facts as in law do prevent the defendant from setting up his defence. For example, when the defendant pleads non-assumpsit within six years, and the plaintiff replies a new promise within six years, the legal import is that the new promise, made within six years, takes away

Franklin, Jan. 1828. ⟩ the right of the defendant to · make use
Gailer vs. Grinnell. ⟨ of the statute as a defence to the orig-
inal promise.   So when a defendant pleads a discharge from
the plaintiff,and the plaintiff sets forth in his replication that the de-
mand in suit was tranferred to A B before the obtaining of this
discharge,and notice was given the defendant of such transfer.——
The legal import is, that the defendant has no right to use, in his
defence, a discharge obtained by him from the plaintiff after
such transfer and notice.   Such a replication is good as an es-
toppel ; but, in any other view, would be bad as a departure.   If
the statute is to be avoided when pleaded to an action on book,as in
the case reported from *Connecticut*,or when pleaded to an action
of debt on a judgment, as in the case now before the court, it
must be met by a replication containing such facts as form a legal
estoppel to the plea.   How, then,does this case stand ?   The ac-
tion is debt upon a judgment.The defendant has pleaded the stat-
ute, and nearly in the words of it,in bar: that is,that the action was
not commenced within eight years from the rendition of the judg-
ment described in the plaintiff's declaration.

This plea is true in point of fact; and so appears from an inspec-
tion of the declaration.   The plaintiff replies that the defendant
promised to pay the judgment, within *eight* years next before the
commencement of the action.   This, within the principles and
similes before noted, is clearly a departure, and wholly bad, un-
less it can be supported as an estoppel—But, by the same statute
of limitations, a promise is barred in six years.   Therefore, no
promise can be effectual as an estoppel, unless alleged to have
been made within six years, during.which time alone it retains its
binding force.   Here my difficulty arises, and I see no way to
get over it.   The plaintiff succeeds in avoiding the statute of
limitations, which creates a positive bar, by replying a promise
which is barred by another section of the same statute.   It does
appear.to me that,whether the statute be pleaded to debt on judg-
ment, which is barred in eight years, or to an action upon a note,
that is witnessed, and is not bared till fourteen years.   If the
plaintiff would reply a new promise, he must allege it to have
been made within six years before the commencement of the ac-
tion; it would appear a solecism indeed that an attested note; be-

cause the statute does not run against it un- der fourteen years, should, therefore, be kept out of the reach of the statute another fourteen years, by a single promise, which is itself barred by the statute in six years.

Hence it will be seen that, had this replication stated a promise made within six years, I could have agreed with my brethren in considering this a legal avoidance of the plea ; while I cannot a-gree that a promise made more than six years before should have that effect.